IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **ERICK DANIELS,** § | | |
| **TDCJ No. 01992750,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 7:19-cv-00076-O-BP | |
| § | | |
| **BOBBY LUMPKIN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Petitioner's Petition for Writ of Habeas Corpus filed on July 1, 2019, and Respondent's Response filed on September 28, 2020. ECF Nos. 2 and 10, respectively. This habeas corpus case was referred to the undersigned automatically pursuant to Special Order 3 on July 1, 2019. ECF No. 5. After considering the pleadings, briefs, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the petition.

**I.     BACKGROUND**

Petitioner Erick Daniels ("Daniels"), an inmate confined in the Stiles Unit of the Texas Department of Criminal Justice in Beaumont, Texas, brings this action pursuant to 28 U.S.C. § 2254. Daniels challenges the validity of disciplinary action no. 20170024173, which he claims was taken against him while he was confined at the James V. Allred Unit in Iowa Park, Texas. ECF No. 2 at 4. Judge O'Connor severed Daniels's claim for a false disciplinary action arising under a petition for a writ of habeas corpus from his remaining civil rights claims in an order dated July 1,

2019. ECF No. 1. This case is the severed habeas corpus claim. As a result of the disciplinary action, Daniels states that he lost fifteen days of earned good-time credits, forty-five days of recreational restriction, forty-five days of commissary restriction, and forty-five days of property restrictions. ECF No. 4 at 18. As to his claims addressing the disciplinary proceeding, Daniel asserts that his right to the grievance process and assistance in the process were violated since his grievances were returned as "inappropriate." ECF Nos. 2 at 21, 4 at 12-13.

II.     ANALYSIS

Daniels has not stated a colorable claim for habeas corpus relief. He has no constitutionally protected interest in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, not a constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim to the extent that it adversely affects parole eligibility because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 957, 959 (5th Cir. 2000).

Moreover, Daniels had no constitutionally protected liberty interest at stake during the disciplinary proceedings at issue in this case. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (state may create a constitutionally protected liberty interest requiring a higher level of due process where previously earned good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary proceeding.

The results of the disciplinary proceeding at issue did not affect the duration of Daniels's sentence because he is not eligible for discretionary mandatory supervision. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Daniels is currently serving a twelve-year sentence for aggravated robbery with a deadly weapon for which he was convicted on March 24, 2015 in the 265th Judicial District Court of Dallas County, Texas, in Case No. F-1260060-R. ECF No. 4 at 19. The offense for which he was convicted occurred on September 8, 2012. ECF No. 10-1 at 2. Daniels claims that he is unsure whether he is eligible for mandatory supervised release. ECF No. 4 at 20.

However, aggravated robbery with a deadly weapon was an offense that rendered a convicted defendant ineligible for mandatory supervision at the time of the offense here. *See* Tex. Gov't Code Ann. § 508.149(a)(1), (12) (West 2012) (first-degree aggravated robbery and affirmative deadly weapon finding under then article 42.12, § 3(g), Texas Code of Criminal Procedure, ineligible for mandatory supervision); *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005) (eligibility for mandatory supervision determined by law in effect at the time of the offense for which defendant is serving sentence). Additionally, Daniels has already filed a habeas corpus petition relating to his current imprisonment, in which he conceded that he is not eligible for mandatory supervision due to his current and prior offenses. *Daniels v. Director, TDCJ-CID*, No. 7:18-cv-00077-O-BP (N.D. Tex. Sept. 4, 2018), ECF No. 8 at 1.

As to his loss of recreation, commissary privileges, and property restrictions, Daniels likewise is not entitled to habeas relief. Generally, inmates do not have protected liberty interests in their privileges. *See Sandin*, 515 U.S. at 484 (prisoner's liberty interest "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Constitutional concerns could arise where restrictions on

privileges represent atypical and significant hardships in relation to the ordinary incidents of prison life. However, temporary restrictions on privileges such as those imposed in this case do not raise such concerns. And, to the extent Daniels claims that the disciplinary proceeding affected his eligibility for parole, any such claim fails to allege a violation of due process. *Madison*, 104 F.3d at 769 (Texas statutes concerning parole do not create a liberty interest).

### III.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Petition for Writ of Habeas Corpus. ECF No. 2.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** November 18, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE